BOUTALL, Judge.
This is an appeal taken from a judgment declaring an act of partition a forgery and of no force and effect. We affirm in part and remand in part for further proceedings.
In 1974, Rebecca Colburn and Ronald Jordan were divorced. Several years later, both parties allegedly entered into an act of partition. Colburn now sues claiming that act to be a forgery. It is stipulated by both parties that this partition agreement is not a valid notarial act of partition due to the lack of proper formalities not having been signed before a notary public and witnesses. Jordan claims that Colburn signed the partition agreement on the hood of his car one morning when he went to pick up his children in accordance with his visitation rights. Jordan contends that the act of partition had previously been submitted to his former wife through their respective attorneys and that on the particular morning, she came outside in a fit of rage and signed the agreement in front of him. Col-burn denies these contentions claiming that she had never even seen the partition agreement and was not aware of its existence until she employed a new attorney to handle her quest for increased child support and for a community property settlement.
Both parties offered expert testimony concerning the validity of the plaintiff’s signature. The handwriting expert for the plaintiff testified that the signature was a forgery while the defendant offered two experts who testified that the signature in question was the plaintiff’s. The trial judge concluded that the signature on the document was affixed carefully and deliberately, and not one hurriedly signed on the hood of a car as defendant testified. He obviously disbelieved Jordan’s testimony as to Colburn’s signing in front of him.
*44 After careful review of the record, we cannot say that the decision made by the trial judge concerning the conflicting testimony of the experts is clearly wrong. The standard of appellate review as explained in Canter v. Koehring, 283 So.2d 716 (La. 1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978) is that even though the Appellate Court may feel that its own evaluations and inferences are as reasonable, it should not disturb reasonable findings of the trial court when there is conflict in the testimony. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the Appellate Court should not disturb' this factual finding in the absence of manifest error, i.e., unless it is clearly wrong. In this case, dependent upon the assessment of credibility of the witnesses, there is a reasonable factual basis for the trial court’s finding, and it is not manifestly erroneous.
Accordingly, we affirm the judgment of the trial court against the defendant Ronald Douglas Jordan declaring the questioned act of partition to be a forgery and of no force and effect.
The next issue before the court is brought into contention because of this finding. Plaintiff sued not only her ex-husband Ronald Douglas Jordan but also his mother and father, Mr. and Mrs. Henry D. Jordan, to whom Ronald Jordan sold the property. The judgment is silent as to these two defendants and makes no disposition of any claim between plaintiff and these defendants. Mr. and Mrs. Henry D. Jordan have appealed the judgment along with their son but the only issue presented to us on their behalf is the validity of the trial judge’s overruling of exceptions of no cause or right of action in the beginning of the law suit. The plaintiff has not appealed nor has she filed answer to the Henry D. Jordan appeal seeking any positive relief. As we view the matter, the only issue before us is the determination of whether the trial judge properly overruled the exceptions of no right or no cause of action. Although we feel compelled to remand their portion of the suit for further proceedings, we feel we should pronounce upon this issue as a matter of judicial economy.
The suit filed by Rebecca Colburn alleges that she was the owner of certain real estate in indivisión with Ronald Douglas Jordan, that she learned in 1979 that there was a recorded partition of community property between her and Ronald Jordan in the conveyance and mortgage records of the Parish of Jefferson, that her signature was a forgery and at no time did she ever execute an act transferring her interest, that the defendant Ronald Jordan sold the property to Gladys and Henry D. Jordan despite his inability to transfer her undivided one-half interest, and she alternatively prays for recognition as owner of an undivided one-half of the property or for damages. In connection with the suit she apparently filed a notice of lis pendens.
The trial court dismissed the exceptions of the Henry D. Jordans of no right or no cause of action, and we affirm. The exception of no right of action is of course entirely inappropriate. The exception of no cause of action is appropriate to the circumstances but unavailing in this instance. Considering the allegations of forgery, certainly plaintiff has a cause of action to the forger as well as the person to whom the forger transfers title. Otherwise, every land title in Louisiana could be destroyed simply by a forger making out a title to himself and then transferring the property to another. Appellant has offered us no authorities in support of his exception, and we know of none.
Although we have no hesitancy in disposing of the exceptions filed, we do not perceive how we can proceed further to a determination of the rights existing between plaintiff and Mr. and Mrs. Henry D. Jordan, defendants. The matter seems only to have been tried basically on the issue of the forgery, and there is insufficient evidence to make a determination as to the rights of these parties. Accordingly, we must remand this matter to the trial court for a determination of the rights between *45 plaintiff and these defendants as to any issues appropriate in this case.
For the reasons assigned, the judgment is affirmed insofar as it declares against the defendant Ronald Douglas Jordan, and is remanded for further proceedings against the other defendants, Gladys Heath, wife of/& Henry D. Jordan, in accordance with the views expressed herein. All costs of court are assessed against Ronald Douglas Jordan.
AFFIRMED IN PART, REMANDED IN PART.