GAUDIN, Judge.
Appellant is Judy LaFauci, who was a guest passenger in an automobile involved in an intersectional collision with another auto. The trial court found the driver of Miss LaFauci’s car negligent, and rendered judgment in her favor and against him.
The other driver, however, was found free of fault, and Miss LaFauci’s claims against him were denied. It is from this dismissal that Miss LaFauci appeals, contending that the trial judge erred in not finding both drivers negligent.
*784 The record, however, does not indicate that the trial judge was manifestly erroneous, and we affirm his judgment.
THE COLLISION
Miss LaFauci was employed at a restaurant-lounge on the evening of the accident. Because her automobile was inoperable, she agreed to let a customer, Carl Herrington, drive her home.
After leaving Miss LaFauci’s place of employment, the couple visited several lounges, then proceeded in Herrington’s vehicle toward Miss LaFauci’s residence at approximately 4 a.m.
Miss LaFauci had fallen asleep by the time Herrington, driving west on Lapalco Boulevard, reached Barataría Boulevard, an intersecting street. The intersection is controlled by traffic lights.
Lonnie Martin, meanwhile, was proceeding south in his automobile on Barataría Boulevard. The Herrington and Martin cars then collided in the intersection, injuring Miss LaFauci.
Herrington was not available at time of trial and he did not testify.
Martin said that the light was green facing him and that Herrington’s vehicle suddenly appeared in the intersection. The traffic light had turned to green, Martin stated, when he was 200-300 feet from Lapalco.
Barataría Boulevard is designated as Louisiana Highway 45, and it is the major north-south roadway between the West Bank Expressway and Lafitte, Louisiana. Martin testified he was driving 45 miles per hour, which is within the speed limit.
In his “Reasons for Judgment,” the trial judge said:
“... the sole and proximate cause of this accident was the negligence of Carl Her-rington, and he alone should be cast in judgment.”
The investigating police officer testified that Herrington told him the light for La-palco traffic was green when the accident occurred, but the trial judge disregarded this possibility in the wake of (1) Martin’s contrary testimony and (2) Herrington’s absence.
APPELLANT’S POSITION
Because she was an innocent guest passenger, Miss LaFauci contends, both Her-rington and Martin must affirmatively prove their freedom from negligence. Further, appellant argues that Martin was not keeping a proper lookout and that he did not have his auto under safe control.
Miss LaFauci does not assert that Her-rington and not Martin had the green light, or that Martin had the last clear chance to avoid the collision.
The trial judge apparently believed Martin’s testimony, i.e., that Martin was driving about 45 miles per hour, that the light facing him was green and that Herrington’s automobile was “... ten or 15 feet away ...” when he (Martin) first saw it.
Martin said that he applied his brakes and tried to swerve to his right, but these actions were unsuccessful.
In the absence of contradicting testimony by Herrington and because the record does not indicate whether the accident scene and circumstances did in fact legally impose on Martin the duty to exercise a last clear chance to avoid colliding with Herrington’s auto, we cannot say that the trial judge was manifestly wrong in concluding that “... the sole and proximate cause of this accident was the negligence of Carl Herrington
As there is a factual basis for this finding, we should not disturb it on appeal unless clearly erroneous. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Bunge v. Secretary of Dept. of Rev., 419 So.2d 1288 (La.App. 5th Cir.1982); and Greco v. Jordan, 419 So.2d 42 (La.App. 5th Cir.1982).
Much ado was made over the precise path of Herrington’s car just before impact. With regard to Martin’s possible negligence when faced with a sudden emergency, it matters little, under the facts and circumstances of this case, whether Herrington *785 was approaching on Barataría Boulevard and attempted a left turn directly in Martin’s path or whether Herrington was on Lapaleo and approaching Barataría Boulevard at a 90 degree angle to Martin’s left. The fact remains that Herrington’s vehicle was suddenly in front of Martin’s car; and Martin, reasonably driving within the speed limit on a major thoroughfare, could neither stop in time nor otherwise avoid a collision.
CONCLUSION
We affirm the district court judgment in favor of Miss LaFauci and against Herring-ton, and we affirm the judgment in favor of Martin and his employer and against Miss LaFauci, with appellant to bear all costs.
AFFIRMED.